IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN KEVIN KOTHMAN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-1307-B |
| | § | |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner John Kevin Kothman, a Texas prisoner, has filed an application to proceed *in forma pauperis* in this habeas case brought under 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 109 S.Ct. 364 (1988). The amount of money available to an inmate in his prison trust account or from other sources should be considered. *See id.*; *Braden v. Estelle*, 428 F.Supp. 595, 601 (S.D. Tex. 1977).

Petitioner has submitted a certified copy of his inmate trust account statement which shows that he currently has $73.20 on deposit with prison officials. Over the past six months, $500.44 has

been deposited into his inmate trust account. In July 2010, petitioner had a balance of $213.72 in the account. The filing fee for a habeas petition is $5.00. 28 U.S.C. § 1914(a). The court concludes that petitioner is able to pay this fee without causing undue financial hardship. *See also* MISC. ORDER 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account or other resources exceed $50.00).

## **RECOMMENDATION**

The application to proceed *in forma pauperis* [Doc. #6] should be denied. Petitioner should be ordered to pay the statutory filing fee within 20 days after this recommendation is adopted by the district judge. If he fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 16, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE